UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALI NAJAFFZADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRIME TRANSPORT SYSTEMS, LLC, AMAZON LOGISTICS, INC., and JOHN DOE,<br><br>　　　　Defendant. | Case No. 1:25-cv-00546-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Amazon Logistics, Inc. Motion to Stay Proceedings Pending U.S. Supreme Court Action (Dkt. 19). Amazon asks the Court to stay this case pending the U.S. Supreme Court's forthcoming decision in *Montgomery v. Caribe Transport II, LLC*, No. 24-1238. In *Montgomery*, the Supreme Court will consider whether the Federal Aviation Administration Authorization Act ("FAAAA") preempts state-law negligence claims against freight brokers for negligently selecting motor carriers or drivers—precisely the type of claims Plaintiff Ali Najaffzada alleges here. That decision will therefore determine whether Najaffzada's claims against Amazon may proceed. Having reviewed the record and the parties' arguments, the Court concludes a stay is warranted.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On November 2, 2024, at approximately 2:30 a.m., Ali Najaffzada was parked at a rest area off the interstate, asleep in the sleeper berth of his semi-truck, when a commercial vehicle sideswiped his vehicle. *Verified Compl.* ¶¶ 13-14, Dkt. 1-1. Najaffzada, having suffered serious bodily injury from the collision, woke from the collision in pain and disoriented. *Id.* ¶ 15. Upon regaining awareness, he exited the vehicle and saw a nearby truck with visible damage, which a bystander told him had struck his vehicle. *Id.* ¶¶ 17, 28. But the truck driver denied hitting Najaffzada's truck and then fled the scene as soon as Najaffzada contacted law enforcement. *Id.* ¶ 18. The driver's identity remains unknown. *Id.* ¶¶ 6, 31.

Before the truck driver fled the scene, Najaffzada managed to take photos of the vehicle's license plate and USDOT numbers. *Id.* ¶ 32. Using that information, Najaffzada identified the commercial vehicle as being registered to Defendant Prime Transport Systems, LLC. Najaffzada alleges that the driver, John Doe, was "acting within the course and scope of his employment, agency, or contractual relationship" with Prime Transport, which was "engaged in the transport of freight on behalf of Defendant Amazon Logistics, Inc….pursuant to a dispatch, broker, or carriage agreement." *Id.* ¶ 59.

Najaffzada has sued Amazon, Prime Transport, and the driver, John Doe. His claims against Amazon included (i) vicarious and agency liability, based on the alleged negligence of Prime Transport Systems and the unknown driver in causing the

accident; and (ii) negligent hiring, training, supervision, and retention, based on Amazon's own alleged negligence in selecting Prime Transport Systems and the unknown driver to transport freight. Id. ¶¶ 55–74. Prime Transport was served but has failed to appear or otherwise defend, and the Clerk has entered default against it. *See* Dkt. 27. The driver, John Doe, has not been identified or served.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to exercise this inherent authority to stay a case pending resolution of a separate action, courts in the Ninth Circuit weigh three factors: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The decision to grant or deny a *Landis* stay is committed to the district court's sound discretion. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

If the nonmovant demonstrates even a "fair possibility" that the stay will cause it damage, the movant must show "a clear case of hardship or inequity" in being

required to go forward. *Landis*, 299 U.S. at 255. Moreover, a stay "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 256–57.

## ANALYSIS

Before addressing the *Landis* factors, the Court briefly surveys the legal landscape that gives rise to this motion. The FAAAA broadly preempts any state "law, regulation, or other provision" that is "related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The FAAAA's safety exception, however, preserves "the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). The federal circuit courts are sharply divided over whether state-law negligent selection claims against freight brokers are preempted under § 14501(c)(1), or instead fall within the safety exception. The Seventh and Eleventh Circuits have held such claims are preempted. *See Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 465-66 (7th Cir. 2023); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1271–72 (11th Cir. 2023). By contrast, the Sixth and Ninth Circuits have held such claims are not preempted because they fall within the safety exception. *See Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1031 (9th Cir. 2020); *Cox v. Total Quality Logistics, Inc.*, 142 F.4th 847, 858 (6th Cir. 2025).

**MEMORANDUM DECISION AND ORDER - 4**

To resolve this circuit split, on October 3, 2025, the Supreme Court granted certiorari in *Montgomery v. Caribe Transport II, LLC*. Oral argument was held on March 4, 2026, and a decision is expected before the Court adjourns for its summer recess in June 2026. This case is currently governed by *Miller*, under which Najaffzada's negligent selection claims are not preempted. But *Montgomery* may alter or overrule *Miller*, which would directly affect the viability of Najaffzada's claims against Amazon. With this backdrop, the Court turns to each of the three factors.

**A. Damage to Najaffzada from Granting the Stay**

Najaffzada raises two arguments against a stay. First, he contends that a stay will delay his recovery of damages for serious injuries that continue to cause him significant pain and financial hardship. Second, he argues that a stay will prevent him from identifying the driver involved in the accident through discovery from Amazon, thereby impeding his ability to pursue claims against the other defendants.

The Court is sympathetic to Najaffzada's situation. He has documented serious injuries, ongoing medical treatment, and substantial financial strain. But the Ninth Circuit has held a delay in monetary recovery alone is not sufficient to deny a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-12 (9th Cir. 2005) (denying a stay because the plaintiff sought injunctive relief against ongoing and future harm and not "only damages for past harm"); *CMAX*, 300 F.2d at 268–69 (granting stay where the injury to the plaintiff would result, at worst, in delaying its monetary recovery). Najaffzada seeks only monetary compensation for past harms, not prospective

MEMORANDUM DECISION AND ORDER - 5

injunctive relief. Any financial recovery will be available to him once the stay is lifted, and the relatively brief duration of the stay—likely no more than a few months—does not rise to the level of cognizable prejudice under *Landis*. *See In re Micron Tech., Inc. Sec. Litig.*, No. CV-06-085-S-BLW, 2009 WL 10678270, at *2 (D. Idaho Dec. 7, 2009) (finding a stay of less than one year in duration was "reasonable in light of the claims presented…for money damages for past harms not for prospective injunctive relief").

As for Najaffzada's discovery concerns, the record indicates that Amazon has already provided the names and last known contact information of both drivers assigned to the relevant load in its initial disclosures served on November 21, 2025. Najaffzada therefore has the information he needs to identify and locate the driver, even during a stay. He is not precluded from pursuing his own investigative efforts or conducting third-party discovery during the stay period. Further, any risk of potentially lost evidence during a stay of this limited duration "is insufficient to deny a stay in the face of a pending Supreme Court decision that will decide a key legal question in the case." *See Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 816 (N.D. Cal. 2020).

Additionally, the case is in its early stages. No discovery has been exchanged beyond initial disclosures, no trial date has been set, and although a clerk's entry of default has been entered against Prime Transport, the case has not otherwise progressed beyond the pleading stage. A stay at this juncture will not derail a case that

MEMORANDUM DECISION AND ORDER - 6

is not yet meaningfully underway. *See Aleisa*, 493 F. Supp. 3d at 816 (finding *Landis* stay appropriate where case was still in the pleadings stage). Accordingly, the first factor weighs in favor of a stay.

### B. Hardship or Inequity to Amazon in Going Forward

Ordinarily, being required to defend a lawsuit does not constitute a clear case of hardship or inequity. *Lockyer*, 398 F.3d at 1112. But this is not an ordinary case. Amazon faces the prospect of litigating claims that may be categorically barred by federal preemption once *Montgomery* is decided. If the Supreme Court reverses *Miller* and holds that the FAAAA preempts negligent selection claims against brokers, Najaffzada's claims against Amazon would likely be subject to dismissal. Requiring Amazon to expend significant resources on discovery, motion practice, and case development during the pendency of *Montgomery*—only to have those efforts rendered moot—constitutes the type of hardship that supports a *Landis* stay. *See Robledo v. Randstad US, L.P.*, No. 17-cv-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017).

### C. Orderly Course of Justice

The third and final *Landis* factor, which considers whether granting a stay will simplify or complicate the issues before the Court, also strongly favors a stay. The question before the Supreme Court in *Montgomery*—whether § 14501(c) preempts a state common-law claim against a broker for negligently selecting a motor carrier or driver—is squarely implicated in this case. Najaffzada concedes as much, agreeing

**MEMORANDUM DECISION AND ORDER - 7**

that the outcome in *Montgomery* could affect his pending claims against Amazon. *Pl's Resp.* at 1, Dkt. 23.

The Supreme Court's decision could simplify this litigation in at least two significant ways. If the Court holds that the FAAAA preempts negligent selection claims against brokers, Amazon may be entitled to dismissal of all claims against it—not just the direct negligence claims, but potentially the vicarious liability claims as well. *See, e.g., Schriner v. Gerard*, No. CIV-23-206-D, 2024 WL 3824800, at *5 n.3 (W.D. Okla. Aug. 14, 2024) (collecting cases declining to treat vicarious liability claims differently from direct negligence claims for purposes of FAAAA preemption). Even if the Court does not fully resolve the preemption question, its guidance will assist this Court in efficiently resolving any remaining issues. *See In re Micron Tech.*, 2009 WL 10678270, at *3–4 (granting stay where Supreme Court decision would "likely provide other guidance . . . potentially aiding the Court in its resolution of any remaining issues").

Proceeding with this case now would risk wasting the time and resources of the Court and the parties if the legal framework under which the case proceeds is altered by the Supreme Court in the coming months. Conversely, a brief stay will allow the Court to address Amazon's potential preemption defense with the benefit of the Supreme Court's forthcoming guidance. This factor weighs strongly in favor of a stay.

Because all three of the *Landis* factors weigh in favor of granting the stay, the Court concludes that a stay of proceedings pending the Supreme court's resolution of

MEMORANDUM DECISION AND ORDER - 8

*Montgomery* is warranted. As Amazon has already identified both drivers assigned to the load at issue in this case and provided their last known contact information, Najaffzada may proceed with attempting to locate the two drivers to determine who was driving when the accident occurred. If Najaffzada is able to identify the driver while the case is stayed, he may seek to lift the stay to allow him to file an amended complaint naming the driver.

## ORDER

**IT IS ORDERED that:**

1. Amazon Logistics, Inc.'s Motion to Stay Proceedings Pending U.S. Supreme Court Action (Dkt. 19) is **GRANTED**. All proceedings in this case are **STAYED** pending the U.S. Supreme Court's decision in *Montgomery v. Caribe Transport II, LLC*, No. 24-1238.

2. The stay will be automatically lifted as of the date the Supreme Court resolves *Montgomery*. The parties must submit a joint status report within 14 days of the decision in *Montgomery* addressing the impact of the decision on this case and proposing a schedule for further proceedings.



DATED: March 4, 2026

B. Lynn Winmill
U.S. District Court Judge